IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICKY L. GIVENS, )
    Plaintiff, )
)
v. ) 3:04-cv-343
)
JO ANNE B. BARNHART, )
COMMISSIONER OF )
SOCIAL SECURITY, )
    Defendant. )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of plaintiff's objections to the magistrate judge's report and recommendation [Doc. 21]. In his report and recommendation, United States Magistrate Judge H. Bruce Guyton found that the defendant Commissioner's decision that the plaintiff is not disabled is supported by substantial evidence in the record as a whole and should be affirmed [Doc. 20]. He recommended that the plaintiff's motion for judgment on the pleadings [Doc. 11] be denied; that the defendant Commissioner's motion for summary judgment [Doc. 16] be granted; and that the case be dismissed.

The court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the

evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989) (citation omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.* (citation omitted).

In considering claimant's objection to the Magistrate Judge's ruling, the court has independently reviewed the entire record, including the report and recommendation, the ALJ's written decision, the transcript of the hearing, the hearing exhibits, relevant correspondence, and relevant documents submitted after the hearing.

This court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the court might have decided issues of credibility differently. *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which the plaintiff objects. For the reasons stated herein, the objection will be overruled.

Plaintiff makes the following objections: 1) that he has made a *prima facie* case to meet Listing 12.05 (C); and 2) that the ALJ's stated reasons for finding that plaintiff does not meet the listing are inconsistent with established case law, regulation, and

2

medical criteria pertaining to mild mental retardation. However, after review, the undersigned finds no error in the determinations of the magistrate judge. Dr. Sharma, on whose evaluation plaintiff relies, was clearly not plaintiff's treating psychologist. The ALJ, therefore, was entitled to give less weight to his opinions than those of a treating psychologist. Furthermore, it was within the ALJ's discretion to find that Dr. Sharma's evaluation did not support plaintiff's claims of mental retardation. *See Reynolds v. Sec'y of Health & Human Servs.*, 707 F.2d 927, 930 (6th Cir. 1983). Indeed, it is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. *See Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). Additionally, under the facts of this case, the magistrate judge did not err in agreeing with the ALJ's findings that plaintiff's work history, family relationships, and daily activities weighed against him meeting Listing 12.05 (C). The ALJ is not necessarily required to give IQ scores more consideration than other evidence of record. *See McDonald v. Sec'y of Health and Human Services*, 786 F.2d 1165, 1986 WL 16598 (6th Cir. 1986). Also, I agree that the record does not provide the requisite documentation that plaintiff's alleged mental retardation ensued prior to age 22.

There is substantial evidence in the record as a whole to support the ALJ's decision, and when there is such substantial evidence, the ALJ's decision must be affirmed. *See Tyra v. Secretary of Health and Human Services,* 896 F.2d 1024, 1028 (6th Cir. 1990). Having found no error in the magistrate judge's report and recommendation, the court will overrule plaintiff's objection; accept the report and recommendation in whole; grant the defendant Commissioner's motion for summary

judgment; deny plaintiff's motion for judgment on the pleadings; and affirm the decision of the Commissioner denying plaintiff's application for benefits under the Social Security Act.  This case will be dismissed.

**ORDER TO FOLLOW.**

**ENTER:**

　　　　s/Thomas W. Phillips　　　　
**UNITED STATES DISTRICT JUDGE**

4

Case 3:04-cv-00343   Document 22   Filed 06/10/05   Page 4 of 4   PageID #: 29